# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| ARLINGTON CAPITAL LLC, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:14-CV-98-TLS |
| | ) |
| BAINTON MCCARTHY LLC and | ) |
| SMITH, GAMBRELL & RUSSELL, LLP, | ) |
| | ) |
| Appellees. | ) |

## OPINION AND ORDER

This case is an appeal from a United States Bankruptcy Court decision to approve attorneys' fees for services rendered in an adversary proceeding brought by the Trustee of a bankruptcy estate. For the foregoing reasons, the Court affirms.

## BACKGROUND

This case arose out of the bankruptcy of GT Automation Inc. (the Debtor). The Debtor filed a Chapter 11 bankruptcy petition on October 9, 2001, and the bankruptcy court allowed the Debtor to continue operating as a debtor-in-possession. Comerica, Inc.—the Debtor's largest secured creditor—filed a proof of claim in the bankruptcy proceedings for $7,818,406.10.

In February 2003, the Debtor moved for an order authorizing an auction of the Debtor's assets under 11 U.S.C. § 363. The bankruptcy court issued an order permitting the auction, subject to conditions agreed to by the Debtor and objecting creditors. The auction was held on April 3, 2003. GTA Acquisition LLC—an entity created by the Appellant, Arlington Capital LLC, for the purpose of acquiring the Debtor's assets—submitted a bid of $2,725,000, which was the highest bid. On April 8, 2003, the bankruptcy court approved the sale of the Debtor's

assets to GTA.[1] In October 2003, Comerica filed an amended proof of claim reflecting a deficiency of $4,444,807.00.

On April 7, 2004, the bankruptcy Trustee filed a lawsuit seeking recovery under 11 U.S.C. § 363(n), claiming that Arlington and insiders of the Debtor entered into an agreement among potential bidders at the bankruptcy auction to control the sale price of the Debtor's assets. On September 29, 2004, the bankruptcy court approved the Trustee's application to employ Appellee Bainton McCarthy as special litigation counsel. Bainton McCarthy represented the Trustee in the adversary proceeding under § 363(n). On March 17, 2009, the bankruptcy court also approved the Trustee's application to employ Appellee Smith, Gambrell & Russell (SGR) as substitute special litigation counsel in the adversary proceeding under § 363(n).

The case proceeded to a seven-day jury trial from January 10–22, 2013, concerning the Trustee's claim against Arlington.[2] The Trustee requested compensatory damages of up to $2,275,000. The Trustee also requested punitive damages, and, in doing so, asked the jury to consider using as a guideline the amount of Comerica's deficiency claim and the approximately $2.6 million of unpaid pre-petition claims of the Debtor's unsecured creditors. The Trustee filed a separate claim to recover attorneys' fees, which the parties agreed would be determined by the bankruptcy court if the Trustee prevailed at jury trial. The jury ultimately returned a verdict in favor of Arlington.

On May 17, 2013, Bainton McCarthy filed a fee application seeking approval of

---

[1] On June 20, 2003, the case was converted to one under Chapter 7 of the bankruptcy code.

[2] The Trustee's claims against the insiders of the Debtor were settled prior to trial. The settlement agreement, approved by the bankruptcy court on December 19, 2012, allocated $225,000 to the Debtor's estate to settle all claims. The $225,000, plus interest earned, is the only asset of the Debtor's estate available for distribution.

$458,037.50 in fees and $27,297.37 in disbursements for its special litigation counsel services for the Trustee. On the same day, SGR filed a fee application seeking approval of $399,677.50 in fees and $21,475.67 in disbursements for its substitute special litigation counsel services for the Trustee. On June 13, 2013, Arlington filed objections to both fee applications. Arlington contended, in relevant part, that attorneys' fees are improper because the services rendered by Bainton McCarthy and SGR (collectively, Appellees) were not reasonably likely to benefit the Debtor's estate. Arlington specifically argued that Comerica was entitled to recover any damages arising from the Trustee's § 363(n) claim. The parties conducted discovery, and on November 18, 2013, the parties filed a proposed Joint Pretrial Order, which contained stipulations to the following relevant facts: (1) Comerica had a lien on all of the assets sold at the auction on April 3, 2003; (2) Comerica consented to the sale of the collateral; and (3) Comerica has never asserted a lien on any recovery from the § 363(n) claim.

The bankruptcy court conducted a trial on February 18, 2014. In a bench ruling, the bankruptcy court rejected Arlington's claim, finding that the Debtor's estate would have been entitled to damages arising from the Trustee's § 363(n) claim. The court issued a separate order overruling Arlington's objections and granting the Appellees' fee applications. On February 24, 2014, Arlington filed a timely notice of appeal.[3]

**STANDARD OF REVIEW**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a)(1), which

---

[3] On February 21, 2013, the Court granted Arlington's request for a Bill of Costs in the amount of $4,867.20. As a result, Comerica is an unsecured creditor of the Debtor, and has standing to challenge the Appellees' fee applications.

3

gives district courts jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts. The Court reviews the Bankruptcy Court's determinations of law *de novo* and its findings of fact for clear error, but on issues that the Bankruptcy Code has committed to the discretion of the bankruptcy court, the Court reviews such decisions only for an abuse of discretion. *Wiese v. Cmty. Bank of Cent. Wis.*, 552 F.3d 584, 588 (7th Cir. 2009). A court "'abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied.'" *Id.* (quoting *Corp. Assets, Inc. v. Paloian,* 368 F.3d 761, 767 (7th Cir. 2004)). The Court reviews an award of attorneys' fees under 11 U.S.C. § 330 for abuse of discretion. *In re Taxman Clothing, Co.*, 49 F.3d 310, 314 (7th Cir. 1995) (citing *In re Kenneth Leventhal & Co.*, 19 F.3d 1174, 1177 (7th Cir. 1994) (citation omitted).

## DISCUSSION

**A.    Attorneys' Fees Pursuant to 11 U.S.C. § 330**

Under the United States Bankruptcy Code, a court may award compensation to an attorney for "actual, necessary services rendered" and "actual, necessary expenses." 11 U.S.C. § 330. Compensation cannot be awarded, however, for services that were not "reasonably likely to benefit the debtor's estate" or "necessary to the administration of the case." § 330(a)(4)(A)(ii)(I) and (II). On appeal, Arlington renews its argument that attorneys' fees are improper under § 330 because the services rendered by the Appellees were not reasonably likely

to benefit the bankruptcy estate.[4]

**1.**     *Waiver*

As an initial matter, the Appellees contend that Arlington's claim—as articulated on appeal—is barred by the well-settled rule that an argument not raised at the trial court is waived on appeal. *Pole v. Randolph*, 570 F.3d 922, 937 (7th Cir. 2009). Even an argument raised in the trial court may be waived if it is "underdeveloped, conclusory, or unsupported by law." *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (citing *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived") (citation omitted). Nonetheless, if a party has presented an argument, although "'skeletal'" in nature, that "'the [trial] court [has] recognized and addressed, and which the party has now fleshed out and emphasized on appeal,'" the issue may be preserved. *Emergency Servs. Billing Corp. v. Allstate Ins. Co.*, 668 F.3d 459, 465 (7th Cir. 2012) (quoting *Bailey v. Int'l Bhd. of Boilermakers, Local 374*, 175 F.3d 526, 529–30 (7th Cir. 1999)).

Here, Arlington presented the following argument at the trial stage: attorneys' fees under 11 U.S.C. § 330 were improper because Comerica, as a result of its security interest in the Debtor's assets, was entitled to any reasonable damages arising from the Trustee's § 363(n) claim. Moreover, Arlington raised—albeit, in a somewhat amorphous fashion—two theories in furtherance of its general argument: (1) Comerica possessed a pre-petition lien on all assets sold

---

[4] Arlington also argued at the February 18, 2014, trial that the Appellees failed to properly itemize attorneys' fees related to the insider claims. This issue was not raised on appeal.

at the auction, and therefore, § 363(n) damages represent the "proceeds" of such assets; and (2) Comerica possessed a post-petition lien on § 363(n) damages by virtue of a cash collateral order.[5] Arlington raises only the first theory on appeal.

The Appellees argue that waiver is enforceable because Arlington failed to "articulate the specific argument it now makes" to the Court. (Appellees' Br. 12, ECF No. 5.) The Appellees particularly note that Arlington failed to cite the legal authority upon which it now relies. But again, a party is permitted to fine-tune its position on appeal. *See Emergency Servs. Billing Corp.*, 668 F.3d at 465. Even a "skeletal argument" may be "fleshed out and emphasized," so long as it was recognized and addressed by the trial court. *Id.*[6] And while the bankruptcy court appears to have only addressed Arlington's second theory in its holding (*see* Trial Tr. 102–11, ECF No. 2-1 at 284–92), the Court is not convinced that the underlying purposes of the waiver rule are compromised by adjudicating Arlington's claim on appeal. As noted in *Bailey*, the purpose of the waiver rule is to ensure that (1) the trial court had the first opportunity to pass on the appellant's theory and avoid error; (2) to avoid usurping the trial court's proper role as

---

[5]In the Joint Pretrial Order, Arlington outlined its position as follows: "By virtue of its pre-petition lien on the Debtor's assets and the cash collateral orders, Comerica had a valid and perfected lien on all pre- and post-petition assets of Debtor. The damages sought in the 363(n) Claim relate directly to Comerica's collateral – that is, the measure of damages is the difference between the price paid and the value of the assets. The potential recovery under the 363(n) Claim represents the proceeds of Comerica's collateral." (Joint Pretrial Order 4, ECF No. 2-1 at 156 (footnote omitted).)

[6]In their brief, the Appellees cite *Fednav Int'l Ltd. v. Cont'l Ins. Co.*, where the Seventh Circuit held that raising an issue in general terms is not sufficient to preserve specific arguments that were not previously presented. 624 F.3d 834, 841 (7th Cir. 2010). But in *Fednav*, a "liberal reading" of the plaintiff's complaint and arguments in district court "yield[ed] no signs" of the argument the plaintiff presented on appeal. *Id.* Here, in contrast, the record reflects several instances where Arlington referenced the theory it now presents on appeal. (*See, e.g.*, Trial Tr. 34, ECF No. 2-1 at 215 ([Arlington's attorney:] [T]he recovery in this 363(n) action is the proceeds of Comerica Bank's collateral); Trial Tr. 102, ECF No. 2-1 at 283 ("[Arlington's attorney: Comerica] had a lien on all the assets that were sold [at the auction] and the proceeds.").)

factfinder; and (3) to ensure an adequate record to review on appeal. 175 F.3d at 530. The bankruptcy court not only recognized and addressed the general argument raised by Arlington, but it was also presented with, and had the first opportunity to pass on Arlington's first theory—although "skeletal" in nature. Furthermore, Arlington's first theory raises a legal question: as a matter of law, did Comerica's lien on the assets sold at auction—a fact stipulated by both parties—render § 363(n) damages as "proceeds" of Comerica's collateral. In the Court's view, no additional fact finding is necessary to resolve this issue. *See Id.* (denying application of the waiver doctrine, in part, because the challenged claim "can be answered without resort to the special factfinding competence of the trial court."); *see also Ambrosia Land Inv., LLC v. Peabody Coal Co.*, 521 F.3d 778, 786 (7th Cir. 2008) (an appellate court "may decide the merits of legal issues which were not addressed by the district court only when the facts on which those conclusions are based are not in dispute") (citing *West Allis Mem'l Hosp., Inc. v. Bowen*, 852 F.2d 251, 258 (7th Cir. 1988) (citation omitted). Accordingly, the waiver rule does not bar the Court from reaching the merits of Arlington's claim.[7]

## 2. *Beneficiary of § 363(n) Damages*

A trustee in a bankruptcy case is the "representative of the estate." 11 U.S.C. § 323(a). Under 11 U.S.C. § 363(n), a trustee may bring a claim to recover damages caused by a collusive property sale. The section provides:

---

[7]The Appellees also suggest that Arlington waived its present claim on appeal because the basis for its objection to the fee applications changed between the initial filing of objections and the subsequent trial in bankruptcy court. (Appellees' Br. 2–4.) But even so, as long as Arlington's claim was raised at the trial level, the issue is preserved. *See Emergency Servs. Billing Corp.*, 668 F.3d at 465.

> The trustee may avoid a sale under this section if the sale price was controlled by an agreement among potential bidders at such sale, or may recover from a party to such agreement any amount by which the value of the property sold exceeds the price at which such sale was consummated, and may recover any costs, attorneys' fees, or expenses incurred in avoiding such sale or recovering such amount. In addition to any recovery under the preceding sentence, the court may grant judgment for punitive damages in favor of the estate and against any such party that entered into such an agreement in willful disregard of this subsection.

§ 363(n). All damages recovered under § 363(n) are considered property of the estate. 11 U.S.C. § 541(a)(3) (the "estate is comprised of all the following property, wherever located and by whomever held . . . [a]ny interest in property that the trustee recovers under section . . . 363(n)").

With limited exceptions, property of the estate acquired after the commencement of a Chapter 11 case is not subject to a lien resulting from a pre-petition security agreement. 11 U.S.C. § 552(a). However, § 552(b)(1) contains an exception that forms the basis of Arlington's theory on appeal:

> [I]f the debtor and an entity entered into a security agreement before the commencement of [a Chapter 11 case] and if the security interest created by such security agreement extends to property of the debtor acquired before the commencement of the case and to *proceeds*, products, offspring, or profits of such property, then such security interest extends to such proceeds, products, offspring, or profits acquired by the estate after the commencement of the case to the extent provided by such security agreement and by applicable nonbankruptcy law.

(emphasis added). According to Arlington, because Comerica possessed a lien on all property sold at the auction, and any damages under § 363(n) would be the difference between the selling price and the actual value of the property sold at the auction, such damages would constitute "proceeds" under § 552(b)(1). Arlington cites Indiana Commercial Code, Section 26-1-9.1-102,[8] which defines "Proceeds," in part, as "claims arising out of the loss, nonconformity, or

---

[8]In its Reply Brief, Arlington mistakenly cites to "I.C. 26-1-9.1-109." (Appellant's Reply Br. 5, ECF No. 7.)

interference with the use of, defects or infringement of rights in, or damage to the collateral." (Appellant's Reply Br. 5.)

A similar theory was rejected in *In re Residential Capital, LLC*, where a group of secured creditors claimed that, pursuant to § 552(b)(1), they may recover "proceeds" of an avoidance action brought by the debtor's estate because they had a pre-petition lien on the subject property. 497 B.R. 403, 414–415 (Bankr. S.D. N.Y. 2013). The bankruptcy court found that, because avoidance actions may "only be brought by the trustee" after a bankruptcy petition has been filed, such actions "arise post-petition and must be considered after-acquired property belonging to the estate." *Id.* at 414–15 (citing, 5–552 COLLIER ON BANKRUPTCY ¶ 552.02[5][d] (Alan N. Resnick & Henry J. Sommer, eds. 16th ed.):

> Once a bankruptcy case commences, however, because all recoveries under the avoiding powers are property of the estate, administered almost exclusively by the trustee for the benefit of the estate as a whole rather than for any creditor individually, it is difficult to see how such recoveries can be other than "after acquired property" within the meaning of section 552(a), rather than proceeds of prepetition collateral under section 552(b)(1). This is true for fraudulent transfer as well as preferences, and no persuasive distinction seems possible along these lines . . . [On the whole, therefore, the more persuasively reasoned opinions do not permit secured creditors to share in recoveries obtained by bankruptcy trustees or estate representatives pursuant to the avoiding powers, even where such creditors may have independent, traceable rights to those funds].

(bracketed text not quoted in opinion); *see also In re U.S. Ins. Grp. LLC*, 451 B.R. 437, 443 (Bankr. E.D. Tenn. 2011) ("the trustee's [preference] recovery is on behalf of the estate, not secured creditors . . . [a]lthough the defendant claims a security interest in the proceeds of the avoidance action, a prepetition security interest cannot attach to collateral that does not come into being until a bankruptcy petition is filed"); *In re Tek-Aids Indus., Inc.*, 145 B.R. 253, 256 (Bankr. N.D. Ill. 1992) ("[a]llowing a prepetition blanket security interest to reach preference

9

actions would be tantamount to giving a creditor additional collateral it would not have had if the debtor had not filed a bankruptcy petition"); *In re Sun Island Foods*, 125 B.R. 615, 619–20 (Bankr. D. Haw. 1991) ("it is illogical to allow a secured creditor to attach the proceeds of recoveries, while at the same time preventing it from compelling a trustee to pursue a preference action.").

In its briefs, Arlington relies almost exclusively on *Helms v. Certified Packaging Corp.*, a case involving a dispute between a bankruptcy trustee—acting as a judgment creditor—and a secured creditor over the "proceeds" of a state tort claim. 551 F.3d 675 (7th Cir. 2008). In *Helms*, the trustee obtained a judgment in her favor and sought execution on a judgment debtor's property. However, the secured creditor asserted a superior security interest in the property based on a loan agreement. The secured creditor specifically claimed entitlement to damages from a negligence suit brought by the judgment debtor against an electric company for a fire that damaged property—i.e., the secured creditor's collateral. Applying the Illinois Uniform Commercial Code, the Seventh Circuit found that, because the secured creditor had a security interest in the damaged property, any damages received from the suit would constitute "proceeds of the [secured creditor's] collateral." *Id.* at 678.

Aside from the fact that *Helms* did not involve a recovery from an action created by the bankruptcy code—and thus, is devoid of any mention of § 363(n) or § 552(b)(1)—the *Helms* court specifically recognized the secured creditor's security interest in the "proceeds" of the collateral because, in part, the secured creditor could have brought an action against the electric company directly. *Id.* ("an action for conversion is a proper remedy for a secured party to bring against a third party when its collateral has been disposed of by the debtor . . . [a]nd so the

10

judgment obtained in that suit would constitute proceeds of the collateral") (internal quotation marks and citations omitted). In contrast, a § 363(n) claim—unlike a state tort claim—is statutorily reserved for a trustee on behalf of the bankruptcy estate. *See* § 363(n) ("The *trustee . . . may recover from a party to [a collusive] agreement*").

As such, the reasoning of *In re Residential Capital, LLC* is instructive in the context of § 363(n). 497 B.R. 403. Like avoidance actions, a § 363(n) action is administered by the trustee on behalf of the estate as a whole—as opposed to any individual creditor—and any recovery is deemed the property of the estate. 11 U.S.C. § 541(3). And here, because Comerica is prevented from compelling the Trustee to pursue such a claim—which, notably, only arises upon the filing of a bankruptcy petition—it would be similarly "illogical" for Comerica to recover post-petition damages through the assertion of its pre-petition lien. *In re Sun Island Foods*, 125 B.R. at 619–20.[9]

Accordingly, the Court is persuaded that any recovery from the Trustee's § 363(n) claim is "after acquired property" within the meaning of § 552(a), rather than proceeds of pre-petition collateral under § 552(b)(1). Because the bankruptcy estate would have been entitled to recover § 363(n) damages, the bankruptcy court did not abuse its discretion by determining that attorneys' fees are appropriate under 11 U.S.C. § 330.[10]

---

[9] The Court notes that Comerica has never asserted a lien on any recovery from the Trustee's § 363(n) claim. (*See* Joint Pretrial Order 12, ECF No. 2-1 at 164.)

[10] Even if Comerica were entitled to § 363(n) damages by virtue of its pre-petition lien, the Trustee requested punitive damages in excess of Comerica's deficiency claim, which thus, would necessitate a remand to the bankruptcy court for a determination as to whether such a request was "reasonably likely to benefit the debtor's estate." § 330(a)(4)(A)(ii)(I) and (II). But for the reasons stated above, remand is unnecessary here.

**B.     Attorneys' Fees Pursuant to 28 U.S.C. § 1927**

Lastly, the Appellees claim they are entitled to attorneys' fees pursuant to 28 U.S.C. § 1927 because Arlington has "unreasonably and vexatiously multipl[ied] proceedings in this 15-year old bankruptcy case" by challenging the Appellees' fee applications. (Appellees' Br. 1.) Section 1927 states that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. In other words, "'[i]f a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious.'" *Kapco Mfg. Co. v. C & O Enterps., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989) (quoting *In re TCI*, 769 F.2d 441, 445 (7th Cir. 1985)); *see also Bender v. Freed*, 436 F.3d 747, 751 (7th Cir. 2006) ("To be liable under section 1927, counsel must have engaged in serious and studied disregard for the orderly process of justice.") (internal quotation marks and citation omitted).

In light of applicable case law and the record on appeal, the Court is not convinced that Arlington's claim is so unsound that bringing it qualifies as objectively unreasonable; or that Arlington, in pursuing their claim, "engaged in serious and studied disregard for the orderly process of justice." *Bender*, 436 F.3d at 751. Accordingly, the request for attorneys' fees pursuant to 28 U.S.C. § 1927 is denied.

**CONCLUSION**

For the foregoing reasons, the Court AFFIRMS the bankruptcy court's decision to

approve attorneys' fees under 11 U.S.C. § 330.

So ORDERED on June 26, 2015.

                                                        s/ Theresa L. Springmann  
                                                       THERESA L. SPRINGMANN  
                                                       UNITED STATES DISTRICT COURT